McKinney, J.,
delivered the opinion of the Court.
This was an action of covenant for breach of warranty of the soundness of a female slave, named Minerva, conveyed by the defendant to the plaintiff, on the 28th of March, 1857. Verdict and judgment for the defendant.
The proof is conflicting; and it being admitted upon the record that the charge of the Court (which is not set out in the bill of exceptions) was unexceptionable, we should not feel at liberty, under the rule of this. *450 ■'Court, to disturb the verdict, but for the statement of the witness Pryor, which, though objected to by the ¡plaintiff’s counsel, was admitted to go to the jury as •competent evidence.
The witness stated, that in October, 1858, after the "'institution and during the pendency of this suit, he had a conversation with the girl Minerva in the street, in the town of Paris, in substance as follows: “The girl wanted him to buy her; he told her that she was diseased : She replied that she was sound when she went to plaintiff’s; that she had become diseased since she went there, from carrying wood and water, and meal ■and flour from the mill; that plaintiff’s was a hard ’place to get along at; that she had been whipped by •plaintiff, and bore the marks upon her back; and that she would go anywhere in preference to living with ’plaintiff.”
This entire statement of the witness ought to have been rejected. Its admission was not sanctioned by any •determination of this Court of which we are aware — cer•tain'y not by either of the cases referred to — Yeatman v. Hart, 6 Hum., 375; Jones v. White, 11 Hum., 268. It does not fall within the principle that the ropresen-’tations of a sick person, made to a physician, or other person, of the nature, symptoms, effects, and duration of the malady under which he is laboring at the time are •admissible. Such representations are received upon the principle that they aid in forming a correct judgment ■•of the character of the -disease, and are part of the res ■.gesta. In the present instance, no question was asked or representation made as 'to the ’character of the alleged idisease — its nature, symptoms, -or effects. The slave *451 •simply stated the fact that she had become diseased after the sale to plaintiff, and in consequence of ill-treatment.
It is. easy to imagine what influence such a statement, recognized by the Court as legitimate evidence, would have on the minds of jurors in a case at all doubtful. As the case must be again submitted to a jury, we forbear to comment upon the proper force of the testimony.
Judgment reversed.